**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO:

LISA EVANCHO,

    Plaintiff,

v.

THE BROWARD ALLIANCE, INC.

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, LISA EVANCHO ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files the following Complaint for Damages and Demand for Jury Trial against Defendant, THE BROWARD ALLIANCE, INC. ("TBA"), and alleges as follows:

**INTRODUCTION**

1. Defendant has unlawfully deprived Plaintiff of federal overtime compensation during the course of her employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201-216, to recover all overtime wages owed to Plaintiff during the course of her employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the State of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, TBA was a Florida not for profit corporation transacting business within Ft. Lauderdale, Florida, within the jurisdiction of this

Honorable Court. Defendant TBA's principal address in Florida is 110 E. Broward Blvd. Suite 1990, Ft. Lauderdale, Florida 33301.

4. During all times material hereto, Defendant, TBA was vested with authority to hire, fire, compensate, and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff.

5. Defendant TBA was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. The acts and/or omissions giving rise to this lawsuit took place within the jurisdiction of this Honorable Court.

7. The Corporate Defendant is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

8. Venue is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

9. Defendant promotes economic development and attracting high wage jobs and capital development in Fort Lauderdale, Florida.

10. Defendant employed Plaintiff as an hourly accounting coordinator from January 2014 through March 5, 2021.

## FLSA COVERAGE

11. Defendant TBA is covered under the FLSA through enterprise coverage, as TBA was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.

More specifically, TBA was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. TBA's business and Plaintiff's work for TBA affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

12. During her employment with TBA, Plaintiff handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: telephones, pens, notepads, keyboards, paper, paperclips, tape, staples, highlighters, cellular telephones, computers, etc.

13. TBA also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making TBA's business an enterprise covered by the FLSA.

14. TBA grossed or did business in excess of $500,000.00 per year in the years 2018, 2019 2020, and is expected to gross in excess of $500,000.00 in 2021.

## PLATINIFF'S WORK FOR DEFENDANT

15. On or around September 13, 2013, Defendant hired Plaintiff on a temporary basis.

16. In or around January 2014, Defendant asked Plaintiff to help with accounting and shortly thereafter, promoted her to the position of accounting coordinator.

17. As accounting coordinator, Plaintiff worked on payroll, payables, and receivables, and prepared monthly accounting records and billing.

18. Plaintiff's regular hourly rate was $23.08 per hour during all times material hereto.

19.  During her employment, Plaintiff regularly worked in excess of forty (40) hours per week but was not properly compensated in accordance with the FLSA for some or all of the overtime hours she worked.

20.  Indeed, Defendant regularly required Plaintiff to attend and work at events in which Plaintiff was required to work off-the-clock. During the workweeks when Plaintiff had to attend these company events, Plaintiff worked more than forty (40) hours and did not receive overtime wages to compensate her for her work at the company events.

21.  Defendant was expressly aware of the work performed by Plaintiff, and in fact instructed and directed Plaintiff to perform this work, but nevertheless required Plaintiff to continue working without receiving proper compensation for some of the hours worked during all times relevant hereto.

22.  On or about March 5, 2021, Defendant terminated Plaintiff.

**COUNT I – FEDERAL OVERTIME LAW VIOLATIONS – 29 U.S.C. § 207**

23.  Plaintiff re-avers and re-alleges Paragraphs 1 through 22 above, as though fully set forth herein.

24.  Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

25.  During the time period relevant to this lawsuit, Plaintiff regularly worked in excess of forty (40) hours per week.

26.  However, Defendant failed to properly compensate Plaintiff at a rate of time-and-one-half her regular hourly rate for hours worked over forty (40) per week as required under the FLSA.

27. Plaintiff is entitled to recover statutorily prescribed federal overtime wages at a rate of time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

28. Plaintiff received a regular hourly rate of $23.08 per hour. However, Defendant failed to pay Plaintiff at her proper overtime rate of time-and-one-half her regular hourly rate for hours of work Plaintiff performed in excess of forty (40) during the previous three (3) years.

29. Accordingly, Plaintiff is entitled to overtime wages at the rate of $34.62 per hour for each hour worked over forty (40) in any given workweek.

30. Defendant's intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to their compliance with federal overtime law. Plaintiff is therefore entitled to liquidated (double) damages under federal law.

31. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by *29 U.S.C. § 216(b)* and any such further damages as may be shown at the time of trial.

32. Plaintiff has been required to retain the undersigned law firm to prosecute her claims and is therefore entitled to recover attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, LISA EVANCHO, demands judgment against Defendant, THE BROWARD ALLIANCE, INC., and respectfully requests that he be awarded the following relief: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorneys' fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, LISA EVANCHO, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of March 2021.**

                                                Respectfully Submitted,

                                                **USA EMPLOYMENT LAWYERS-**
                                                **JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Lisa Evancho*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 25th day of March 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: